IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSEPH BENJAMIN WILLIS,
    Plaintiff,

vs.

HON. SKIP SHIVER, as Sheriff of Franklin County, and CITY OF APALACHICOLA, a Municipal Corporation, and RANDALL COOK, LAWRENCE BRANNON, STEVE JAMES, and CHET TURNER, in their individual capacities,
    Defendants.

Case No. 4:12-cv-182

## COMPLAINT

Plaintiff BEN WILLIS, sues Defendants and alleges:

### Introduction

1. This is a civil action for damages by BEN WILLIS against all Defendants for violations of the United States Constitution.

2. The Court has original jurisdiction of Plaintiff's federal causes of action that properly invoke this Court's subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, et seq.

3. The Plaintiff's claim for relief is predicated upon 42 U.S.C. § 1983 which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Constitution and laws of the United States and upon 42 U.S.C. § 1988.

4.  Venue and jurisdiction are proper in this Court because Defendants are situated within and all of the wrongful acts complained of occurred within the Northern District of Florida.

## Parties

5.  Plaintiff BEN WILLIS is a resident of Gadsden County, Florida.

6.  At all times material hereto, Defendant HON. SKIP SHIVER, or his predecessor in office, was Sheriff of Franklin County, and the final policymaker charged with the actions of his deputies. He is sued in his official capacity.

7.  At all times material hereto, Defendant CITY OF APALACHICOLA was a Municipal Corporation, and the entity responsible for administration of the Apalachicola Police Department and its employees.

8.  At all times material hereto, Defendant RANDALL COOK was a Deputy of the Franklin County Sheriff. He is sued in his individual capacity.

9.  At all times material hereto, Defendant LAWRENCE BRANNON was a Deputy of the Franklin County Sheriff. He is sued in his individual capacity.

10. At all times material hereto, Defendant STEVE JAMES was an employee of the City of Apalachicola. He is sued in his individual capacity.

11. At all times material hereto, Defendant CHET TURNER was an employee of the City of Apalachicola. He is sued in his individual capacity.

## **Common Allegations of Fact**

12. On April 13, 2008, Mr. Ben Willis set out from a family reunion in Tallahassee, Florida, to ride to the Gulf Coast and back on a new motorcycle.

13. In the course of that ride, Mr. Willis violated Florida speed laws and a radio call was made by Wakulla County law enforcement to have him pulled over.

14. The Wakulla County call was received at about 3:52 p.m. by deputy county sheriffs in Franklin County, just west of Wakulla County.

15. By radio, Franklin County Sheriff's Deputy Lawrence Brannon, instructed Franklin County Deputy Randall Cook, to shoot out the motorcycle tire.

16. Franklin County Deputy, Randall Cook, parked in the east-bound lane of U.S. 98 and stationed himself in the westbound lane holding a 12 gauge shotgun.

17. By these actions, Deputy Cook nearly caused an accident involving vehicles coming up behind him in that lane.

18. Deputy Cook, Cook fired two blasts at the motorcycle from his 12-gauge shotgun, apparently attempting to shoot out the tire.

19. Now fearful of death at the hands of law enforcement officers, Mr. Willis did not dare to stop but continued toward Apalachicola.

20. At one point, Ben Willis turned his motorcycle around and started heading back east but when he saw Defendant Cook speeding toward him, he turned back west toward Apalachicola.

21. East of the City of Apalachicola, law enforcement officers and others working

with law enforcement officers worked jointly and in concert to create a trap:

   a. by blocking off alternative routes of travel, forcing Ben Willis onto the bridge that led to the City of Apalachicola,

   b. creating a small gap between two patrol cars, and stationing an officer to stand at the gap and fire the Taser at Ben Willis as he passed through.

   c. Defendant Cook, the officer who had fired a shotgun at Ben Willis, put pressure on Mr. Willis from behind to goad him forward.

22. The purpose of the trap was to cause the death or serious injury of Ben Willis.

23. Among the others at the scene, Defendant Apalachicola Police Officers Captain Steve James and Sgt. Chet Turner worked to plan the trap for Ben Willis.

24. Defendants James and Turner angled their vehicles in opposite directions, with a small space in between, across the road on the bridge to Apalachicola.

25. At 4:10 p.m., Defendant James stationed himself by a gap between two patrol cars with the intention of firing his Taser as Ben Willis passed through the gap.

26. In his manner of implementing the trap, Defendant James did not indicate his intention to use the Taser in such a way as to warn Ben Willis.

27. Defendants intended their actions to cause the crash of the motorcycle.

28. Defendants intended their actions to probably cause the death of Ben Willis.

29. Ben Willis was startled by Defendant James as he aimed and fired his Taser.

30. Ben Willis was struck by the Taser projectiles and apparently struck a fender guard on one of the patrol cars and lost control of his motorcycle.

31. The motorcycle skidded across the pavement for a significant distance, severely injuring Mr. Willis so as to require he be life-flighted for emergency care.

32. The Defendants were acting within the course and scope of their employment.

33. The Defendants were acting under color of law.

34. The Defendants were acting jointly and in concert.

35. The force used was excessive under the common law and U.S. Constitution.

36. The actions of the officers were so egregious and outrageous that they may fairly be said to shock the contemporary conscience.

37. The actions of the officers were for the purpose of causing harm.

38. Defendant Shiver, or his predecessor in office, failed to train or supervise his employees so that the risks posed by their wrongful acts were not abated.

39. Defendant Shiver, or his predecessor in office, implemented policies that made the harm to the Plaintiff substantially certain to occur.

40. Defendant Shiver, or his predecessor in office, ignored longstanding and widespread abuse that made the harm of the type that was suffered by the Plaintiff substantially certain to occur.

41. Defendant City of Apalachicola failed to train or supervise its employees so that the risks posed by their wrongful acts were not abated.

42. Defendant City of Apalachicola implemented policies that made the harm to the Plaintiff substantially certain to occur.

43. Defendant City of Apalachicola ignored longstanding and widespread abuses that

made the harm of the type suffered by the Plaintiff substantially certain to occur.

44. Officers integrally involved in the wrongful acts were known to have committed abuses that rendered them unfit for their employment.

45. Ben Willis was seriously injured and will continue to suffer injuries in the future as a result of the wrongful acts of the Defendants.

46. As a proximate result of the wrongful acts alleged above, Plaintiff suffered:

   a. Severe physical agony

   b. Severe bodily injury

   c. Severe mental anguish

   d. Loss of the enjoyment of life

   e. Loss of a professional career

   f. Pecuniary loss

   g. Medical costs

47. Plaintiff's injuries and losses are permanent and continuing, and Plaintiff will suffer such losses in the future.

48. Plaintiff is entitled to punitive damages against defendants sued individually.

49. As Plaintiff was obliged to hire the undersigned attorney to represent him, Plaintiff is entitled to an award of attorneys' fees under 42 U.S.C. 1988.

## Causes of Action

   I.   **Violation of Constitutional Rights under 42 U.S.C. 1983: Steve James and Chet Turner**

50. Plaintiff re-alleges the Common Allegations as if fully set forth herein.

51. Plaintiff is entitled to relief against Defendants Steve James and Chet Turner because their actions violated the Fourth or Fourteenth Amendment to the U.S. Constitution.

52. The force used by the officers was inflicted for the very purpose of causing harm, including serious injury and death.

53. The actions of Defendants James and Turner were a proximate cause of the harm suffered by the Plaintiff.

WHEREFORE, Plaintiff prays that this Court enter judgment as noted below.

## II.     Violation of Constitutional Rights under 42 U.S.C. 1983: Randall Cook and Lawrence Brannon

54. Plaintiff re-alleges the Common Allegations as if fully set forth herein.

55. Plaintiff is entitled to relief against Defendants Cook and Brannon because their actions violated the Fourth or Fourteenth Amendment to the U.S. Constitution.

56. The force used by the officers was inflicted for the very purpose of causing harm, including serious injury and death.

57. The actions of Defendants Cook and Brannon were a proximate cause of the harm suffered by the Plaintiff.

WHEREFORE, Plaintiff prays that this Court enter judgment as noted below.

## III.     Violation of Constitutional Rights under 42 U.S.C. § 1983: Hon. Skip Shiver

58. Plaintiff re-alleges the Common Allegations as if fully set forth herein.

59. Plaintiff is entitled to relief against Defendant Shiver, as Sheriff, because his actions, or those of his predecessor in office, constituted deliberate indifference to a violation of the Fourth or Fourteenth Amendment to the U.S. Constitution.

60. The force used by the officers was inflicted for the very purpose of causing harm, including serious injury and death.

61. The actions of Defendant Shiver were the proximate cause of the harm suffered by the Plaintiff.

WHEREFORE, Plaintiff prays that this Court enter judgment as noted below.

### IV.     Violation of Constitutional Rights under 42 U.S.C. § 1983: City of Apalachicola

62. Plaintiff re-alleges the Common Allegations as if fully set forth herein.

63. Plaintiff is entitled to relief against Defendant City of Apalachicola because its actions constituted deliberate indifference to violations of the Fourth or Fourteenth Amendment to the U.S. Constitution.

64. The force used by the officers was inflicted for the very purpose of causing harm, including serious injury and death.

65. The actions of Defendant City of Apalachicola were the proximate cause of the harm suffered by the Plaintiff.

WHEREFORE, Plaintiff prays that this Court enter judgment as noted below.

### Prayer for Relief

WHEREFORE, the Plaintiff seeks judgment as follows:

A. Compensatory damages against each of the defendants herein;

B. Punitive damages against each defendant sued individually;

C. Pre-judgment interest on all economic losses and post-judgment interest;

D. Attorney's fees pursuant to 42 U.S.C. §§ 1988 and costs of litigation;

E. A trial by jury on all issues so triable;

F. Such further relief as the Court deems just and proper.

Respectfully Submitted,

*/s/James V. Cook*
JAMES V. COOK
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax
cookjv@nettally.com

Attorney for Plaintiff