IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| JOSEPH BENJAMIN WILLIS, | CASE NO. 4:12-cv-182-WS |
| Plaintiff, | |
| v. | |
| HON. MIKE MOCK, et al., | |
| Defendants. | |

**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

COMES NOW the Plaintiff, JOSEPH BENJAMIN WILLIS, by and through the undersigned attorney, pursuant to Rule 59(e), Federal Rules of Civil Procedure, and moves this Court to Alter or Amend its Judgment, and would further show:

1. The Court has granted Summary Judgment to the Defendants on all counts of the Complaint. In so doing, the Court has erred as follows:

    a. The Court takes as a material fact that Plaintiff caused cars to leave the roadway. (Doc 52, p. 2). Plaintiff disagrees with that assumption. It appears in the video that some cars left the roadway to avoid collision with Deputies.

    b. The Court takes as a material fact that Plaintiff ran two roadblocks, presumably referring to Deputies Brannon and Cook. (Doc. 52, p. 2). However the video clearly shows Brannon did not have a roadblock on westbound traffic and Cook prevented Plaintiff from stopping by firing his shotgun at him.

1

c. The Court takes as a material fact that the James and Turner set up a roadblock with a three foot gap, however Plaintiff has provided evidence from which a jury could reasonably infer, including the video itself, that the gap was much smaller, about the width of a vehicle tire, two-and-a-half feet, perhaps less.

d. The Court credit's the testimony of Randall Cook against that of the Plaintiff where Cook claimed to have fired two warning shots to stop Plaintiff (Doc. 52, p. 8) but where Plaintiff states that Cook aimed the shotgun at him and fired twice while tracking his movement with the gun.

e. Plaintiff incorporates by reference his Statements of Fact in his Response in Opposition to Defendants' Motion for Summary Judgment (Doc. 44), and his separate Statement of Facts (Doc. 45).

## MEMORANDUM OF LAW

Motions to alter or amend judgment are granted upon four basic grounds: movant may demonstrate that reconsideration is necessary to correct manifest errors of law or fact upon which judgment was based; motion may be granted so that moving party may present newly discovered previously unavailable evidence; motion will be granted if necessary to prevent manifest injustice; and motion may be justified by intervening change in controlling law. *Demasse v. ITT Corp.*, D.Ariz.1995, 915 F.Supp. 1040, question certified 111 F.3d 730, certified question answered 984 P.2d

1138, 194 Ariz. 500, answer to certified question conformed to 185 F.3d 866, certiorari denied. 120 S.Ct. 327, 528 U.S. 930, 145 L.Ed.2d 255.

A district court has considerable discretion in deciding whether to reopen a case in response to a motion to alter or amend judgment, but that discretion is not limitless; in any case in which party seeks to upset a summary judgment on the basis of evidence that was not introduced on time, court must consider conflicting needs to bring litigation to an end and to render just decisions on the basis of all of the facts. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, C.A.5 (La.) 1990, 910 F.2d 167, rehearing denied 920 F.2d 259, certiorari denied 114 S.Ct. 171, 510 U.S. 859, 126 L.Ed.2d 131. Fed. R. Civ. P. 59. A motion to alter or amend may be granted where there is a need to correct clear error or prevent manifest injustice. *Firestone v. Firestone*, C.A.D.C.1996, 76 F.3d 1205, 316 U.S.App.D.C.

The rule governing motions to alter or amend judgment does not prescribe specific grounds for granting a motion to alter or amend an otherwise final judgment. *Sanluis Developments, L.L.C. v. CCP Sanluis, L.L.C.*, S.D.N.Y.2008, 556 F.Supp.2d 329. A motion to alter or amend a judgment should be granted if there exists a manifest error of law or fact, so as to enable the court to correct its own errors and thus avoid unnecessary appellate procedures. *Kennedy v. Commonwealth Edison Co.*, C.D.Ill.2003, 252 F.Supp.2d 737, affirmed 410 F.3d 365.

On summary judgment, a court may not "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). A court must, rather, act "with caution" in determining whether the matters at issue should be heard by a jury. *Id.* at 255.

**A. Defendant Cook Shot to Kill or Injure Plaintiff as He Prepared to Stop**

Franklin County Sheriff's deputies were annoyed by groups of motorcyclists speeding through the County from time to time. (Doc. 46-10, Brannan Deposition, 29:2-7). In one such incident, Franklin County Deputy, Tony Sapp, fired a shot. Brannan did not hear if Sapp had any discipline. (Id. 30:16-17).

On the day in question, Franklin County Deputies Brannan and Cook discussed firing at Plaintiff on his motorcycle over the radio. Deputy Brannan told Cook, "He ain't gonna stop, Duane. If you want to, try to shoot his tire out." (Doc. 46-1, Radio Traffic, 352-18). As a practical matter, firing to disable the bike with a shotgun embraced the likelihood of hitting the rider. Plaintiff testified that when Deputy Cook fired the shotgun, he appeared to be aiming directly at Plaintiff. Plaintiff had slowed from around 70 mph to around 40 to 50, planning to stop at Cook's roadblock before Cook fired at him twice from behind his car. (Doc. 46-3, Ben Willis Affidavit, ¶ 9.). Willis testified, "I saw him aim the shotgun at me and saw the muzzle blast as he fired. I was scared to death after that." (Id.).

In considering whether the force planned by Brannon and Cook and executed by Cook constituted force intended to simply stop Plaintiff or whether it was force

used for the very purpose of causing harm, a jury could consider the testimony that Cook leveled his shotgun at Plaintiff and also that, at the time, Plaintiff had already slowed to a safe speed and appeared to be about to stop. Unfortunately this incident was not on video and there is no evidence but the conversation of Brannon and Cook on the Sheriff's Department radio, Cook's admission of firing two shots (which were against the policy of his Department), and Plaintiff's testimony. A jury could also draw an inference from the fact that Cook's agency did not allow the firing of warning shots. A jury could believe Cook when he says he was out in the open and that he thought Plaintiff was trying to crash into him with the motorcycle but it could also believe Plaintiff that Cook was standing behind his police vehicle and aiming his weapon straight at Plaintiff as Plaintiff slowed his motorcycle preparing to stop.

### B. Defendant James and Turner Created a Trap at Apalachicola Bridge

The Court also erred in finding that the roadblock at the Apalachicola Bridge was planned to stop Plaintiff rather than being designed for the purpose of causing harm. A jury could reasonably infer that the small gap between the two vehicles was designed to make Plaintiff believe he could pass through and also to bring him within striking distance of Captain James' Taser. A jury could reasonably disbelieve that James was caught unawares by the Plaintiff as he wandered around in the tiny gap between the two vehicles and that he had to use his Taser to keep from being hit. First of all, if the motorcycle was really bearing down on him, James couldn't have

expected the Taser to stop it. On the other hand, James could reasonably have believed it would, together with the tiny slot between the vehicles, cause Plaintiff's death. James could not have anticipated with any assurance that Plaintiff would survive the crash caused by the Taser blast as Plaintiff passed between the vehicles.

The Court cites the familiar dicta from *Graham v. Connor*, 490 U.S. 386, 396 (1989) to the effect that force must not be judged with the "20/20 vision of hindsight" and that "officers are often forced to make split-second decisions – in circumstances that are tense, uncertain, and rapidly evolving . . ." Surely a jury is fit to judge whether split-second decisions were involved. A jury might view with skepticism the claim of both Cook and James that they were both caught by surprise by the arrival of Plaintiff (on a motorcycle that the record shows as loud) and had to act with haste to save their lives. It could easily appear to the jury that both of the traps that Defendants endeavored to spring on Plaintiff were set up more or less at leisure and a jury could reasonably infer that they were meant to do what they almost did, to lure a young motorcyclist to his death.

In *Brower v. County of Inyo*, 489 U.S. 593, 109 S.Ct. 1378 (1989), law enforcement officers completely blocked the road with a semi-truck and aimed headlights so that they impaired the sight of the oncoming driver. The Supreme Court said that the petitioner could claim the right to recover "because the unreasonableness they allege consists precisely of setting up the roadblock in such manner as to be likely to kill him." *Brower*, 489 U.S. at 599, 109 S.Ct at 1383.

WHEREFORE, Plaintiff moves this Court grant Plaintiff's Motion to Alter or Amend Judgment, reversing the Grant of Summary Judgment.

Respectfully Submitted,

*s/ James V. Cook*
JAMES V. COOK
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080; 561-0836 fax
cookjv@nettally.com

I CERTIFY that I have consulted with counsel for the Defendants, pursuant to Local Rule 7.1 and counsel for the Defendants do object to the Motion.

I CERTIFY the foregoing was filed electronically on 03/06/2014 and that the person noted below is registered to be notified by the CM/ECF electronic mail system:

| Barbara Fromm, Esq. | Zackery Scharlepp, Esq. |
| Jolly & Peterson, P.A. | Coppins Monroe Adkins & Dincman. |
| P.O. Box 37400 | Post Office Drawer 14447 |
| Tallahassee, FL 32315 | Tallahassee, FL 32317 |

*s/James V. Cook*
JAMES V. COOK